JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHELLE C. CARBONE,

Plaintiff,

v.

GENERAL MOTORS LLC, *et al.*,

Defendants.

Case No. 2:25-cv-11067-FLA (PDx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 14]**

1

## **RULING**

Before the court is Plaintiff Michelle C. Carbone's ("Plaintiff") Motion to Remand ("Motion") this action to the Los Angeles County Superior Court.  Dkt. 14 ("Mot.").  The court found this matter appropriate for resolution without oral argument and vacated the February 6, 2026 hearing on the Motion.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth herein, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.

## **BACKGROUND**

Plaintiff filed her Complaint[1] on February 3, 2025, in the Los Angeles County Superior Court, Case No. 25STCV02886, alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1793.2),[2] the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301–2312), and California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), as well as breach of the implied warranty of merchantability (Cal. Civ. Code §§ 1791.1, 1794), relating to her lease of a 2018 Chevrolet Traverse (the "Vehicle") from Defendant.  Dkt. 1-1 ("Compl.")[3] ¶¶ 7–45.

---

[1] Defendant General Motors ("Defendant") alleges in its Notice of Removal that Plaintiff filed a First Amended Complaint ("FAC") on April 1, 2025, dismissing Defendant 5905 AHK, LLC and adding two additional causes of action.  Dkt. 1 at 2.  Defendant's Notice of Removal ("NOR"), however, attaches the Complaint, not the FAC.  A notice of removal must include "a copy of all process, pleadings, and orders served upon" the defendant in the action sought to be removed, including the operative complaint.  *See* 28 U.S.C. § 1446(a).  Instead of summarily granting the Motion, the court will exercise its discretion and decide the Motion on its merits.  Future NORs filed by Defendant that do not include the operative complaint may be struck without notice and the action summarily remanded.  Failure to comply with the removal statute may also lead to the imposition of sanctions.

[2] Plaintiff's counsel attests in her declaration in support of the Motion that Plaintiff "voluntarily dismissed all Song-Beverly [Act] causes of action" on June 20, 2025.  Dkt. 14-1 at 2.

[3] Citations to the Complaint refer to pages 11 through 19 of Dkt. 1-1.

Plaintiff served Defendant with the Complaint on February 4, 2025.[4]  Dkt. 14-1 ¶ 5, at 5–6.

Defendant answered the Complaint on June 20, 2025.[5]  Dkt. 1-3 at 2–6; Dkt. 1 at 2.  Defendant removed the action to this court on November 18, 2025, more than nine months after service of the Complaint,[6] alleging it had "conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction."  Dkt. 1 at 2.

Plaintiff filed the subject Motion on December 19, 2025, arguing, *inter alia*, that Defendant failed to comply with 28 U.S.C. § 1446(1)(b)(3)'s ("Section 1446") thirty-day window to remove an action to federal court, and that the Complaint was sufficient for Defendant to allege satisfaction of the amount in controversy upon removal.  Mot. at 9–14.  Defendant filed an opposition ("Opposition") on January 16, 2026.  Dkt. 19 ("Opp'n").

## DISCUSSION

## I.    Legal Standard

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the

---

[4] Plaintiff's counsel further attests Plaintiff served the Complaint on February 3, 2025.  Dkt. 14-1 ¶ 5.  However, the appended Proof of Service of Summons reflects service was effectuated on February 4, 2025.  Dkt. 14-1 at 5–6.

[5] Defendant's Answer refers to the Complaint, not the FAC.  Dkt. 1-3 at 2.  It is unclear whether Plaintiff filed a FAC and, if so, whether Defendant responded to it.  The record before the court does not include the FAC or any response to it.

[6] In the event Plaintiff filed a FAC on April 1, 2025, the NOR was filed more than seven months after service of the FAC, and does not alter the court's analysis of the subject Motion.

record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

However, pursuant to Section 1446(b)(1), a notice of removal must be filed within thirty days after a defendant receives the initial pleading or summons. Section 1446 is strictly construed against removal. If removability is not apparent from the initial pleading, the thirty-day removal period accrues "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly

construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## II.   Analysis

Plaintiff argues remand is appropriate because Defendant failed to remove this action timely. Mot. at 9–14. The court agrees. Plaintiff served the Complaint on Defendant on February 4, 2025, and Defendant did not file its NOR until November 18, 2025—more than nine months later and well outside Section 1446's thirty-day window for removal. *Compare* Dkt. 14-1 at 5–6, *with* Dkt. 1-3. Defendant argues removal was timely because the FAC does not establish the $50,000 amount in controversy[7] unequivocally. Opp'n at 16–19.

Although the Complaint does not contain a clearly stated amount in controversy, *see generally*, Complaint, Defendant provides no explanation for why it took over 200 days (from February 4, 2025—after Plaintiff served the Complaint on Defendant, Dkt. 14-1 at 5–6,—to November 18, 2025—when this action was removed, Dkt. 1-3) to determine the value of the Vehicle (for which a VIN number is included in the Complaint, Compl. ¶ 7) or any potential penalties or attorney's fees and costs Defendant seeks to include in calculating the amount in controversy, *see generally*, Dkt. 1, Opp'n. Plaintiff makes precisely this argument in her Motion, and Defendant's Opposition is noticeably silent on any explanation for the delay in determining federal jurisdiction. Mot. at 9–14; *see generally*, Opp'n.

/ / /

---

[7] *See* 15 U.S.C. § 2310(d)(3)(B), creating a private cause of action for consumers under the Magnusson-Moss Act, but permitting claims to be filed in federal courts only if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]").

Defendant also argues Plaintiff's citizenship could not be determined from the Complaint, thereby extending the period of removability. Opp'n at 19–20. The Complaint, however, states Plaintiff "is, and at all times relevant herein was, a resident of Calabasas, California." Complaint ¶ 2. Defendant's reliance on Plaintiff's use of the term "resident," rather than "citizen," to claim indeterminate citizenship is unavailing. Opp'n at 19–20. Defendant's Notice of Removal further states Defendant's "preliminary investigation also concluded that Plaintiff resided in California when [s]he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship." Dkt. 1 at 3. Defendant does not explain the nature of its "investigation" or why it could not have determined any earlier that Plaintiff was a citizen of California given that "Plaintiff resided in California when [s]he leased the subject vehicle[.]" *Id.*

The evidence before the court creates clear "doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Defendant had sufficient information to determine removability after being served with the Complaint (or the FAC). Dkt. 1 at 2. Defendant missed the removal deadline by at least 200 days. Accordingly, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.

///

///

///

## **CONCLUSION**

The court, having considered Plaintiff's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1.    The action is REMANDED to the Los Angeles County Superior Court, Case No. 25STCV02886.

2.    All dates and deadlines in the action are VACATED.

3.    The clerk of the court shall close the action administratively.


IT IS SO ORDERED.


Dated: February 13, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

7